**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JAMES R. MERCER, JR.,**

                                        **Plaintiff,**

     vs.                              **9:20-cv-00665**
                                            **(MAD/TWD)**

**M. KINDERMAN,**
**DEPUTY SUPERINTENDENT FOR**
**PROGRAMS, ET AL.,**

                                      **Defendants.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**JAMES R. MERCER, JR.**
1001 W. Creek Drive
Niagara Falls, New York 14304
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**               **BRENDA T. BADDAM, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

     On June 15, 2020, _pro se_ Plaintiff James R. Mercer, Jr., ("Plaintiff"), commenced this

action pursuant to 42 U.S.C. § 1983, asserting claims arising out of his confinement in the

custody of the New York State Department of Corrections and Community Supervision

("DOCCS") at Marcy Correctional Facility.  _See_ Dkt. No. 1.  Following the Court's review on

July 28, 2020, Plaintiff's surviving claims allege that his constitutional rights were violated via

Eighth Amendment medical indifference and First Amendment retaliation by Dr. Shehab Zaki,

Nurse Administrator Colleen Coppola, Deputy Superintendent for Programs Mark Kinderman, and Deputy Superintendent for Administration Daniel Crossway (collectively, "Defendants"). *See* Dkt. No. 1; *see also* Dkt. No. 5 at 22. Plaintiff alleges Defendants Zaki and Coppola were deliberately indifferent to his serious medical needs and retaliated against him for filing grievances and complaints. *See* Dkt. No. 1. Plaintiff further alleges Defendants Kinderman and Crossway acted with deliberate indifference and retaliated against him for filing grievances. *Id.* On November 19, 2020, Defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 23 at 1. Plaintiff opposed Defendants' motion. *See* Dkt. No. 25 at 5.

In an Order and Report-Recommendation dated April 26, 2021, Magistrate Judge Dancks recommended that the Court deny Defendants' motion to dismiss in its entirety. *See* Dkt. No. 28 at 16. Magistrate Judge Dancks first found that Plaintiff pled sufficient facts to state an Eighth Amendment claim. *See id.* at 12. Additionally, Magistrate Judge Dancks found that Plaintiff pled sufficient facts to state a First Amendment retaliation claim. *See id.* at 15.

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are

2

neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

Courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss or motions for summary judgment.  *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994).  "A document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the

3

part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that the Court should deny Defendants' motion to dismiss. Dkt. No. 28 at 16. As Magistrate Judge Dancks noted, Plaintiff's response to Defendants' motion to dismiss included medical records that were sufficient evidence to plausibly allege "serious medical need." Dkt. No. 28 at 12. As such, Magistrate Judge Dancks correctly determined that the supporting documents satisfy the objective prong of the deliberate indifference analysis. Moreover, this information was properly considered in deciding the pending motion. *See Cusamano v. Sobek*, 604 F. Supp. 2d 41, 461 (N.D.N.Y. 2009).

Additionally, Magistrate Judge Dancks correctly found that there was a causal connection between the protected conduct of filing formal grievances and a letter of complaint, and the adverse actions of issuing Medical Permits inconsistent with Plaintiff's medical conditions and assigning Plaintiff to work programs inconsistent with his medical condition.

Having carefully reviewed Magistrate Judge Dancks' Order and Report-Recommendation, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' April 26, 2021 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 23) is **DENIED**; and the Court

4

further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 15, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

5