UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES R. MERCER, JR.,

                                 **Plaintiff,**

  vs.                                                        9:20-CV-00665
                                                             (MAD/TWD)

**M. KINDERMAN,** *Deputy Superintendent for Programs (retired), Marcy Correctional Facility, sued in individual capacity*, **D. CROSSWAY,** *Deputy Superintendent for Administration, Marcy Correctional Facility, sued in individual capacity*, **S. ZAKI,** *Facility Health Services Director, Marcy Correctional Facility, sued in individual capacity*, **and C. COPPOLA,** *Nurse Administrator, Marcy Correctional Facility, sued in individual capacity*,

                                 **Defendants.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**JAMES R. MERCER, JR.**
1001 W. Creek Drive
Niagara Falls, New York 14304
Plaintiff, *Pro Se*

**OFFICE OF THE NEW YORK**           **BRENDA T. BADDAM, AAG.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     On June 15, 2020, *pro se* Plaintiff James R. Mercer, Jr. commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment rights, Eighth Amendment rights, and the Americans with Disabilities Act while incarcerated at Marcy Correctional Facility. *See* Dkt. No. 1. After initial review of the complaint under 28 U.S.C. §§ 1915(e) and 1915A, Plaintiffs only surviving claims are his Eighth Amendment deliberate indifference claims and

First Amendment retaliation claims. *See* Dkt. No. 5. On March 22, 2022, Defendants moved for summary judgment. *See* Dkt. No. 38. In lieu of a full response, Plaintiff filed a letter stating that he "decided not to respond to Defendants' motion and will allow the Court to make any decision dismissing [the] action or allowing the action to move further. I do believe that there is sufficient documentation that supports claims at least against Defendant Zaki amounting to deliberate indifference to my serious medical needs and my claims for retaliation against him[.]" Dkt. No. 42. In a Report-Recommendation and Order dated February 8, 2023, Magistrate Judge Dancks recommended that Defendants' motion be granted and Plaintiff's complaint be dismissed in its entirety. *See* Dkt. No. 43.

Plaintiff has not filed any objections to the Report-Recommendation and Order. When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d

2

Cir. 1983)).

The Court does not discern any clear error in the Report-Recommendation and Order. With respect to Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Zaki, Magistrate Judge Dancks correctly found that (1) the record evidence demonstrated that Defendant Zaki reasonably treated and monitored Plaintiff's medical needs, *see Gray v. Kang Lee*, No. 9:13-CV-258, 2015 WL 1724573, *3 (N.D.N.Y. Apr. 15, 2015) (finding inmate was not actually deprived of adequate treatment where record demonstrated that the inmate was frequently treated, prescribed pain medication, tested with an X-ray and MRI, and referred to an orthopedic specialist); *Awad v. Univ. of Connecticut Health Ctr.*, No. 3:18-CV-01578, 2019 WL 109338, *5 (D. Conn. Jan. 4, 2019) ("'Courts have found that a plaintiff's allegations fail to meet the objective prong [of the existence of a serious medical need] where the alleged delay in providing medical attention is neither the underlying cause of a plaintiff's condition nor contributed to a worsening in the condition'") (quotation omitted); (2) there was no evidence in the record that Defendant Zaki knew of and disregarded an excessive risk to Plaintiff's health when determining what treatment to apply, *see Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment") (citation omitted); and (3) any negligence that did occur in diagnosing or treating Plaintiff's medical conditions is not actionable under Section 1983, *see id.* ("Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness .... [accordingly,] the Supreme Court has held that 'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment'") (quotation omitted). As to Defendants Coppola, Kinderman, and Crossway, Magistrate Judge Dancks correctly found that

none of these Defendants were personally involved in Plaintiff's medical treatment, medical permits, or program assignments and, therefore, could not be found to be deliberately indifferent to a serious medical condition. *See Spavone v. N.Y.S. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983").

As to Plaintiff's First Amendment retaliation claims, Magistrate Judge Dancks correctly found that Defendants were entitled to summary judgment because (1) Coppola, Kinderman, and Crossway could not have retaliated against Plaintiff in the manner he alleges in that they did not have the authority to issue or revoke medical permits and did not assign Plaintiff to programs contrary to those permits and his disabling medical conditions; and (2) any change to Plaintiff's medical permits was done after Defendant Zaki reviewed Plaintiff's medical record and determined that such change was within Plaintiff's restrictions and accommodations based on his professional medical opinion, *see Greer v. Mehiel*, 805 Fed. Appx. 25, 29 (2d Cir. 2020) (holding that even where a plaintiff has shown improper motive, "'a defendant may be entitled to summary judgment if he can show dual motivation, *i.e.*, that even without the improper motivation the alleged retaliatory action would have occurred'") (quotation omitted).

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 43) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 38) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 14, 2023
       Albany, New York

                                          Mae A. D'Agostino
                                          U.S. District Judge